Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL V**

| Puerto Rico Telephone Company, Inc.<br><br>**Apelante**<br><br>V.<br><br>Hermandad Independiente de Empleados Telefónicos (HIETEL)<br><br>**Apelada** | KLAN202500327 | **APELACIÓN**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV01954<br><br>Sobre: Impugnación o Confirmación de Laudo |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

El 21 de abril de 2025, Puerto Rico Telephone Company, Inc. (PRTC o apelante) compareció ante nos mediante *Apelación*[1] y solicitó la revisión de una Sentencia que se emitió el 6 de febrero de 2025 y se notificó el 11 de igual mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Solicitud de Revisión de Laudo de Arbitraje* que presentó el apelante.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y **confirmamos** el dictamen recurrido.

---

[1] Examinado el expediente del recurso y la sentencia apelada, advertimos que el dictamen recurrido es una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del TPI, por lo que acogemos la *Apelación* como un recurso de *Certiorari* por ser el recurso adecuado para la revisión de la determinación recurrida conforme a la Regla 32 (C) de nuestro reglamento. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

Número Identificador

SEN2025 _____

**I.**

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Este caso tiene su origen en dos (2) casos de arbitraje que la Hermandad Independiente de Empleados Telefónicos (HIETEL o la Unión) presentó en representación del Sr. Julio Maldonado Ramos (señor Maldonado Ramos) ante el Negociado de Conciliación y Arbitraje (NCA) a saber, los casos núm. A-01-1280 y A-12-3470 (previamente enumerado A-01-225). Según surge del expediente ante nuestra consideración, el primer caso (A-01-1280) versaba sobre una primera causa disciplinaria en contra del señor Maldonado Ramos, mediante la cual se le entregó una reprimenda escrita por incumplir con la cuota de ventas de "*pagers*" en el mes de marzo del año 2000.[2] El 10 de julio de 2003, las partes llegaron una estipulación (03-14)[3] y el referido caso fue eliminado del expediente del señor Maldonado Ramos para efectos de disciplina progresiva.[4] Por otro lado, el segundo caso (A-12-3470) trataba sobre la suspensión del señor Maldonado Ramos por el término de cinco (5) días por haber incumplido con las ventas del mes de mayo del año 2000. El 8 de marzo de 2013, un árbitro del NCA, el Sr. Jorge Rivera Delgado, emitió una *Resolución* decretando el cierre administrativo, con perjuicio y el archivo del segundo caso. Dicha determinación fue confirmada por una *Sentencia* que dictó un panel hermano en el caso núm. KLAN201400793.[5]

Ahora bien, el caso ante nuestra consideración es el núm. A-18-581 (antes enumerado A-01-664). Dicho caso versa sobre la

---

[2] Íd., págs. 241-242 y pág.246.
[3] Íd., págs. 211-213.
[4] Íd., pág. 215.
[5] Íd., págs. 40-52.

arbitrabilidad sustantiva de una *Querella* que presentó la Unión en representación del señor Maldonado Ramos sobre despido injustificado. Luego de que las partes presentaran sus escritos argumentando el asunto antes mencionado, se le solicitó al árbitro del NCA, el Sr. Benjamín J. Marsh Kennerley (señor Marsh Kennerley), a que resolviera el planteamiento sustantivo levantado a base de la prueba y los argumentos presentados por las partes en sus escritos sin la necesidad de la celebración de una vista. Ante ello, el 10 de febrero de 2022, el señor Marsh Kennerley emitió un *Laudo de Arbitraje*.[6] De este se desprende que la sumisión de las partes era que se determinara si la *Querella* que se presentó sobre despido injustificado era arbitrable sustantivamente. Además, se indicó que si se resolvía que la *Querella* no era arbitrable que se ésta fuese desestimada, por el contrario, de ser arbitrable la *Querella*, que se señalara vista sobre los méritos del caso. Luego de hacer un análisis detallado de los argumentos presentados por las partes y tras haber evaluado la prueba que presentaron las partes, el árbitro determinó que el caso de autos era arbitrable sustantivamente por lo que señaló una vista para el 18 de julio de 2022.

Inconforme con esta determinación, el 14 de abril de 2022, PRTC presentó una *Solicitud de Revisión y Anulación de Laudo de Arbitraje* […] ante el TPI.[7] En primer lugar, adujo que, en el mes de octubre del año 2000, presentó una *Demanda* ante el TPI por despido injustificado y que dicho proceso culminó el 29 de agosto de 2008, mediante una *Sentencia* que dictó el Tribunal de Apelaciones (TA) en el caso núm. KLAN200600020. Alegó que, en esta *Sentencia* del TA, se confirmó la determinación de desestimar la *Demanda* por despido injustificado. Por otro lado, expresó que, el 8 de marzo de 2013, el Árbitro Jorge Rivera Delgado emitió una *Resolución* en el

---

[6] Véase, págs. 372-379 del apéndice del recurso.
[7] Íd., págs. 1-20.

caso A-12-3470 (antes enumerado A-01-225) en el cual cerró con perjuicio una querella relacionada al despido del señor Maldonado Ramos. Indicó que, el 11 de mayo de 2015, el Tribunal de Apelaciones emitió una *Sentencia* en el caso núm. KLAN201400793 resolviendo que la *Resolución* antes mencionada no estaba sujeta a revisión y era final y obligatoria. En virtud de lo antes expuesto, concluyó que la presente querella no era arbitrable sustantivamente en virtud de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia por ser un asunto que ya se juzgó por los Tribunales por los mismos hechos del presente caso.

Por su parte, el 9 de abril de 2022, HIETEL presentó su *Oposición A "Solicitud de Revisión y Anulación de Laudo de Arbitraje por ser Contrario a Derecho"*.[8] Argumentó que en el presente caso no aplicaba la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia. Explicó que contrario a lo que alegó PRTC, en el dictamen recurrido objeto de revisión de la *Sentencia* del TA en el caso núm. KLAN200600020, el TPI desestimó una *Demanda* que versaba sobre una acción de daños y perjuicios por alegado discrimen por ideología política. Específicó que, mediante dicho dictamen, el TPI resolvió que no se probó que la PRTC incurriera en discrimen por afiliación política contra el señor Maldonado Ramos sin entrar en los méritos sobre la justificación del despido. Puntualizó que, atendido dicho dictamen, el TA resolvió lo siguiente:

> El tribunal asumió jurisdicción sobre la controversia presentada ante sí, a saber: el alegado discrimen político en contra del Sr. Maldonado. Esta controversia fue dirimida y resuelta por el TPI, por lo que cualquier planteamiento o queja adicional sobre este despido que no tenga que ver con discrimen tiene que llevarse a cabo según las disposiciones del Convenio Colectivo.

---

[8] Véase, Entrada Núm. 4, SUMAC.

En vista de lo anterior, afirmó que las sentencias antes descritas se relacionaban con el caso sobre discrimen por afiliación política al amparo de la Ley Núm. 100 de 30 de junio de 1959, mejor conocida como *Ley General Contra el Discrimen en el Empleo de Puerto Rico*, según enmendada, 29 LPRA sec. 146, *et seq.* (Ley Núm.100-1959) y no sobre el despido del señor Maldonado Ramos. A su vez, afirmó que el presente caso era totalmente distinto al caso A-12-3470 (antes enumerado A-01-225), ya que este último trataba sobre la suspensión de cinco (5) días del señor Maldonado Ramos y no de su despido. Por los motivos antes expuestos, concluyó que nunca se había emitido un laudo de arbitraje por el NCA, ni una sentencia por el foro judicial que hubiese advenido final y firme en cuanto el asunto relacionado al despido del señor Maldonado Ramos, por lo que no aplicaba la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.

Así las cosas, el 2 de junio de 2022, PRTC presentó una *Réplica a Oposición A Solicitud de Revisión y Anulación de Laudo de Arbitraje.*[9] En esta reiteró los argumentos que presentó en su revisión de laudo de arbitraje. Sin embargo, puntualizó que, en la *Sentencia* del TA en el caso núm. KLAN200600020 dicho foro se centró en determinar si se había establecido un caso *prima facie* de despido por discrimen político bajo la Ley Núm.100-1959, *supra.* Explicó que, como parte de su análisis en torno a si el señor Maldonado Ramos cumplió o no con los requisitos para establecer un caso *prima facie* de discrimen, el TA enfatizó la importancia de demostrar la inexistencia de justa causa para el despido. Ante ello, afirmó que, en dicha *Sentencia*, el TA no solo determinó que el señor Maldonado Ramos había fallado en demostrar la existencia de justa causa, sino que la prueba presentada demostró que el señor

---

[9] Véase, Entrada Núm. 12, SUMAC.

Maldonado Ramos incumplió con las cuotas de venta que se les impusieron a todos los vendedores y por ello se le aplicó disciplina progresiva. Manifestó que, a base de ello, el TA determinó que el patrono tuvo justa causa para despedir al señor Maldonado Ramos, pues éste no logró probar uno de los requisitos esenciales para establecer un caso *prima facie* por discrimen. Por lo antes expuesto, reiteró que, en el presente caso procedía aplicar la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, por tratarse de un asunto que ya había sido adjudicado mediante sentencia final, como lo fue el despido como requisito para poder probar el discrimen.

Luego de evaluar los escritos de ambas partes, el 6 de febrero de 2025, el TPI dictó una *Sentencia* que se notificó el 11 de febrero de 2025.[10] En primer lugar, aclaró que la revisión del presente caso se circuncidaba a atender asuntos de índole procesal y no entrar a evaluar en los méritos el asunto de despido del señor Maldonado Ramos. Ante ello, puntualizó que el asunto en ante su consideración se limitaba a resolver lo siguiente: (1) si el árbitro Marsh Kennerley cometió un error al determinar que no aplica la doctrina de cosa juzgada en su modalidad de impedimento colateral de sentencia y (2) si el árbitro antes mencionado cometió un error en derecho al determinar que la Resolución del árbitro Jorge Rivera Delgado convirtió la querella del presente caso en una no arbitrable sustantivamente. Teniendo en cuenta lo antes expuesto, el TPI resolvió lo siguiente:

> En cuanto al primer señalamiento de error, del expediente de autos surge que Maldonado Ramos, por medio de la HIETEL, instó un caso por despido injustificado3 ante la NCA. Dicho caso fue paralizado dado a que el querellante interpuso una demanda por alegado discriminen político en el Tribunal de Primera Instancia, Sala Superior de San Juan. Posteriormente, el caso por discrimen político culminó con una sentencia emitida por el Tribunal de Apelaciones donde

---

[10] Íd., págs. 503-513.

confirmó la determinación del Tribunal de Primera Instancia de desestimar la demanda de Maldonado Ramos por este no haber probado un caso prima facie de discrimen político.

Ahora bien, nuestro ordenamiento jurídico reiteradamente ha establecido que la doctrina de cosa juzgada aplica cuando una sentencia decretada en un pleito anterior impide que en un pleito posterior se litiguen entre las mismas partes, la misma causa de acción y cosas, las cuestiones o controversias que ya fueron o pudieron haber sido ya litigadas y adjudicadas en la previa acción. Cuando analizamos el caso de autos, observamos que la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, confirmada por el Tribunal de Apelaciones, claramente expresó que "[n]o entramos a considerar si el despido del demandante fue o no justificado". Asimismo, sostuvo que "[e]ste Tribunal no tiene duda alguna que, en ausencia de prueba de discrimen, el demandante, miembro de la (HIETEL) mientras fungía como empleado de la demandada, tenía, en su momento, remedios adecuados ante los foros pertinentes". Es decir, el Tribunal en dicho caso no entró en los méritos del despido de Maldonado. Ramos, sino que, se limitó a determinar que no hubo discrimen por ideología política en contra de este. Por tal razón, para que la doctrina de cosa juzgada sea de aplicación han de concurrir varios requisitos, entre ellos que haya una primera sentencia válida, final y firme, y que ambos pleitos se traten del mismo objeto o asunto. Por consiguiente, y en conformidad con el derecho vigente, este Tribunal determina que la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia no es de aplicación al presente caso puesto que las sentencias emitidas no versaban sobre el despido de Maldonado Ramos y estas no dieron finalidad a dicho asunto.

En cuanto al segundo señalamiento de error, del expediente de autos surge que, por medio de la HIETEL, Maldonado Ramos presentó un caso ante la NCA que trataba sobre una suspensión de cinco (5) días que este recibió por no cumplir con las ventas del mes de mayo del año 2000. Dicho caso fue paralizado hasta tanto se resolviera el caso sobre la reprimenda escrita. El caso sobre la reprimenda escrita fue transado por las partes mediante estipulación 03-14 del 10 de julio de 2003 y fue eliminado del expediente del empleado para efectos de disciplina progresiva. Posteriormente, el caso sobre la suspensión de cinco (5) días fue reabierto y culmin6 con el advenimiento final y firme del cierre administrativo, con perjuicio y archivo de este.

Conforme hemos mencionado, el caso al cual la PRTC se refiere como el "despido" de Maldonado Ramos y que el Tribunal de Apelaciones también denominó como "despido", en realidad versaba sobre una suspensión de cinco (5) días (A-12-3470 6 A-01-225). Sin embargo, tal Sentencia no abordó los méritos del despido de Maldonado Ramos, sino que determinó que el Tribunal

de Primera Instancia tenía jurisdicción para atender la solicitud de la PRTC de revisar y anular la Orden emitida por la Directora de la NCA, y de paso anuló dicha Orden. Por lo tanto, es inevitable concluir que el presente caso de reclamación por despido injustificado no ha sido resuelto ante el NCA y es susceptible de ser objeto de una vista arbitral sustantiva. Por consiguiente, no erró el honorable árbitro Marsh Kennerley al determinar que la resolución del árbitro Jorge Rivera Delgado no convirtió la querella en una no arbitrable sustantivamente dado que el caso por despido aún no había sido dilucidado ante la NCA y ninguna determinación judicial resolvía o ponía fin a tal controversia.

Por las razones antes mencionadas, el TPI declaró No Ha Lugar la *Solicitud de Revisión de Laudo de Arbitraje* que presentó PRTC. En desacuerdo con esta determinación, el 26 de febrero de 2025, PRTC presentó una solicitud de reconsideración y el 18 de marzo de 2025, HIETEL presentó su oposición a la solicitud de reconsideración.[11] Atendido lo escritos, el 19 de marzo de 2025, el TPI emitió una *Resolución* que se notificó el 20 de marzo de 2025 denegando la solicitud de reconsideración que presentó PRTC.[12] Aún en desacuerdo, el 21 de abril de 2025, el apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Erró el Tribunal de Primera Instancia al determinar que la determinación del NCA es una conforme a derecho y confirmar al NCA al no aplicar la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia.**

**Erró el Tribunal de Primera Instancia al no aplicar las determinaciones de hechos que surgen de la Sentencia dictada por el Tribunal de Apelaciones, puesto que es la Sentencia que rige los procedimientos.**

Atendido el recurso, el 28 de abril de 2025, emitimos una *Resolución* concediéndole a la parte apelada hasta el 12 de mayo de 2025 para presentar su alegato en oposición. Oportunamente, la HIET presentó su *Alegato de la Apelada* y negó que el TPI cometiera los errores que PRTC le imputó. Con el beneficio de la comparecencia

---

[11] Véase, Entrada Núm. 22 y 24, SUMAC.
[12] Véase, Entrada 25, SUMAC.

de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

## III.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

Conforme a la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 el recurso de *certiorari* es el vehículo procesal adecuado para que el Tribunal de Apelaciones revise las sentencias finales emitidas por el TPI sobre laudos de arbitraje. Particularmente, la referida Regla dispone lo siguiente:

> El recurso de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, **así como revisar una <u>sentencia final producto de una solicitud de revisión de un laudo de arbitraje</u> del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la**

**notificación de la resolución u orden recurrida**, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto. (Énfasis y subrayado nuestro).

Ahora bien, con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso de *certiorari*, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari*. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, *supra*. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error

en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009); *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

En reiteradas ocasiones nuestro más Alto Foro ha establecido que, en el ámbito obrero patronal, específicamente en materia de arbitraje, la revisión judicial de un laudo de arbitraje se encuentra sustancialmente limitada por la política judicial de auto restricción y deferencia consagrada en nuestro ordenamiento jurídico. *UGT v. Centro Médico del Turabo,* 208 DPR 944, 955 (2022). Esto es así debido a que el arbitraje obrero-patronal, como método alterno para la solución de disputas, juega un papel preeminente, toda vez que resulta ser un medio más rápido, menos técnico y oneroso y, por lo tanto, más apropiado para la resolución de conflictos que surgen de las relaciones laborales. *UGT v. HIMA*, 212 DPR 492, 500 (2023).

Además, los foros judiciales reconocen que, "el árbitro goza de un peritaje y conocimiento especializado ajenos a los jueces, el cual agiliza el proceso adjudicativo y garantiza una pronta disposición de la disputa laboral". *C.O.P.R. v. S.P.U.*, 181 DPR 299, 326-327 (2011). Es por esto que, "ante un convenio de arbitraje lo más prudente es la abstención judicial, aunque la intervención no esté vedada". *U.C.P.R. v. Triangle Engineering Corp.*, 136 DPR 133 (1994).

Ahora bien, a pesar de la gran deferencia que le confieren los tribunales a las interpretaciones que haga un árbitro en un laudo de arbitraje, existen instancias en que amerita la intervención judicial. El tribunal podrá revisar, anular o modificar los laudos de arbitraje únicamente en los casos donde se demuestre que hubo: (a) fraude; (b) conducta impropia del árbitro; (c) falta del debido proceso de ley; (d) ausencia de jurisdicción; (d) que el laudo no resuelva todas las cuestiones en controversia que se sometieron; y, por último (e) una determinación contraria a la política pública. *Unión General de*

*Trabajadores v. Centro Médico, supra,* pág. 500. Sin embargo, según establecido anteriormente, cuando se trata del hecho de que el laudo sea resuelto conforme a derecho, la revisión del foro judicial se limita únicamente a la corrección de errores jurídicos y a la validez jurídica del laudo de arbitraje. Íd. Es decir, el tribunal se limitará a determinar si el derecho aplicado es el vigente en esta jurisdicción para así confirmar el laudo, revisarlo o modificarlo parcialmente.

**-C-**

El Artículo 1204 del derogado Código Civil, 31 LPRA ant. sec. 3343, tipificaba la doctrina de cosa juzgada y exponía que esta doctrina únicamente podrá aplicarse cuando concurría "la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron". Sin embargo, nuestro Código Civil vigente, el Código Civil de 2020, 31 LPRA sec. 5311, *et seq.,* no preceptúa dicho concepto jurídico.[13] A pesar de ello, la figura sigue operando en nuestro ordenamiento jurídico.

El tratadista español Manresa define la aludida doctrina como "lo ya resuelto por fallo firme de un Juez o Tribunal competente, y lleva en sí la firmeza de su irrevocabilidad." *S.L.G. Szendrey-Ramos v. Consejo de Titulares,* 184 DPR 133,153 (2011) citando a: J.M. Manresa, *Comentarios al Código Civil español,* 6ta ed. Rev., Madrid, Ed. Reus. 1967, T. VIII Vol.2, pág.278. Es decir, el efecto fatal de la doctrina de cosa juzgada es que la sentencia decretada en un pleito anterior impide que, en un pleito posterior, se litiguen entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas. *Landrau Cabezudo v. Autoridad de los Puertos de Puerto Rico,* 2025 TSPR 7, 215 DPR ___ (2025).

---

[13] Resaltamos que el cuerpo legal vigente en el momento del inicio del pleito ante nuestra consideración es el Código Civil del 2020.

Ahora bien, la doctrina de cosa juzgada está fundada en consideraciones de orden público y necesidad. *Fonseca et al. v. Hosp. HIMA*, 184 DPR 281, 294 (2012). Por un lado, persigue el interés del Estado en que se le ponga fin a los litigios y, por otro lado, la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. Íd. Sin embargo, la aplicación de dicha doctrina no procede de forma inflexible y automática cuando hacerlo derrotaría los fines de la justicia o las consideraciones de orden público. Íd.

Por otra parte, el Tribunal Supremo también ha reconocido la figura jurídica del impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada. *Presidential v. Transcaribe*, 186 DPR 263, 276 (2012). Al igual que la doctrina de cosa juzgada, el propósito de esta figura es promover la economía procesal y judicial. Íd. Además, persigue amparar a los ciudadanos del acoso que necesariamente conlleva litigar en más de una ocasión hechos ya adjudicados. *P.R. Wire Prod. v. Crespo & Assoc.,* 175 DPR 139, 152-153 (2008). En particular, la doctrina de impedimento colateral por sentencia impide que se litigue en un pleito posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior, aunque estén implicadas causas de acción distintas. *Autoridad de los Puertos de Puerto Rico, supra.* Así pues, esta modalidad se configura cuando: (1) se adjudicó un asunto, (2) en una sentencia previa, (3) luego de haberse litigado, (4) entre las mismas partes y (5) el hecho adjudicado es esencial para un segundo pleito. Íd.

Por último, es menester señalar que la doctrina de impedimento colateral por sentencia no aplica a asuntos que pudieron ser litigados y determinados en el primer caso y no lo fueron, sino que su aplicación se limita a aquellas cuestiones que, en efecto, fueron litigadas y adjudicadas. *Beníquez et al. v. Vargas*

*et al.,* 184 DPR 210, 225-226 (2012). Asimismo, no procede la aplicación de este concepto cuando la parte contra la cual se interpone no ha tenido la oportunidad de litigar previamente el asunto y no ha resultado ser la parte perdidosa en el litigio anterior. Íd.

**III.**

En su primer señalamiento de error, PRTC argumentó que el TPI incidió al resolver que la determinación del NCA fue conforme a derecho y al confirmar al NCA en cuanto a la no aplicabilidad de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia. Por otro lado, en su segundo señalamiento de error alegó que, el TPI erró al no aplicar las determinaciones de hechos que surgen de la *Sentencia* que dictó el Tribunal de Apelaciones en el caso núm. KLAN200600020. Afirmó que, en la referida Sentencia, el TA realizó unas determinaciones de hechos expresando que el despido del señor Maldonado Ramos había sido justificado.

Discutiremos los señalamientos de error en conjunto por estar íntimamente relacionados entre sí. En el caso de autos, HIETEL, en representación del señor Maldonado Ramos, presentó el caso de arbitraje núm. A-18-581 sobre despido injustificado ante la NCA. Sin embargo, el señor Maldonado Ramos ordenó la paralización de los procedimientos ante el NCA, ya que presentó una *Demanda* sobre discrimen político ante el TPI que privaba a la NCA a atender el asunto del despido hasta tanto culminara el litigio ante el foro judicial.

En la *Sentencia Enmendada* que dictó el TPI en caso civil núm. KPE00-2722 sobre discrimen político bajo la Ley Núm. 100-1959, *supra,* dicho foro resolvió que, el señor Maldonado Ramos no logró demostrar, mediante preponderancia de prueba, que su patrono hubiese llevado a cabo actos en el empleo que constituyeran

violación a sus derechos por razones políticas.[14]   Particularmente, en lo pertinente a la controversia ante nos, el TPI resolvió que, **a pesar de haber llegado a la precitada determinación, no estaba entrando a considerar si el despido del señor Maldonado fue o no justificado.**[15]   Esta causa de acción sobre discrimen político culminó con una *Sentencia* del TA en el caso núm. KLAN200600020. En esta, el TA confirmó la *Sentencia Enmendada* del TPI y concluyó, entre otras cosas, que el TPI asumió jurisdicción sobre la controversia presentada ante sí, a saber, el alegado discrimen político en contra del señor Maldonado.[16]  Sin embargo, puntualizó que **cualquier otra controversia relacionada al despido del señor Maldonado que no tuviese que ver con discrimen tenía que llevarse a cabo según el convenio colectivo.**[17]

Conforme al precitado derecho, "la doctrina de impedimento colateral por sentencia no aplica a asuntos que pudieron ser litigados y determinados en el primer caso y no lo fueron, **sino que su aplicación se limita a aquellas cuestiones que, en efecto, fueron litigadas y adjudicadas.**" (Énfasis suplido) *Beníquez et al. v. Vargas et al.*, *supra*, págs.225-226.  Como podemos observar por lo antes expuesto, la cuestión relacionada a si el despido del señor Maldonado Ramos fue o no justificado **no fue objeto de adjudicación** en el caso civil núm. KPE00-2722 sobre discrimen político como sostiene PRTC.  Tanto en la *Sentencia Enmendada* del TPI como en la *Sentencia* que dictó el TA confirmando el referido dictamen, no se resolvió nada en cuanto al despido del señor Maldonado Ramos, sino que se determinó que el señor Maldonado Ramos no presentó prueba *prima facie* para que procediera la causa de acción sobre discrimen político.  Así pues, como el despido no fue

---

[14] Íd., pág. 310.
[15] Íd., págs. 310-311.
[16] Íd., págs. 71-72.
[17] Íd., pág. 72.

una cuestión adjudicada por los foros judiciales en los casos antes descritos, no procede la aplicación del impedimento colateral por sentencia.

Por otro lado, PRTC argumentó que el Árbitro Jorge Rivera Delgado emitió una *Resolución* en el caso A-12-3470 (antes enumerado A-01-225) en el cual cerró con perjuicio una querella relacionada al despido del señor Maldonado Ramos y que dicha *Resolución* fue confirmada por el TA en el caso núm. KLAN201400793. Particularmente, sostuvo que el TA resolvió que la *Resolución* antes mencionada no estaba sujeta a revisión y era final y obligatoria. Concluyó que, por esta razón también aplicaba la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia en cuanto al asunto relacionado con el despido del señor Maldonado Ramos. *No le asiste la razón.*

Surge del expediente ante nuestra consideración que, el 8 de marzo de 2013, el Árbitro Jorge Rivera Delgado emitió una *Resolución* mediante la cual ordenó el archivo y cierre del caso A-12-3460, con perjuicio. **Dicho caso versaba sobre la suspensión de cinco (5) días del señor Maldonado Ramos por haber incumplido con las ventas del mes de mayo del año 2000.** La entonces directora del NCA, revocó dicha *Resolución* mediante una *Orden* por lo que PRTC acudió ante el TPI para que revisara y anulara dicha Orden. El TPI dictó *Sentencia* en el caso civil núm. KAC2013-0348 y determinó que no tenía jurisdicción para atender ese asunto. Dicha determinación fue objeto de revisión ante el TA y un panel hermano dictó una *Sentencia* en el caso núm. KLAN201400793 mediante la cual revocó tanto la *Sentencia* del TPI como la *Orden* que emitió la entonces directora del NCA. Por consiguiente, dejó vigente la *Resolución* que dictó el Árbitro Jorge Rivera Delgado desestimando la querella (A-12-3460) que instó HIETEL en representación del señor Maldonado **relacionada a la suspensión**

**de este último de cinco (5) días por haber incumplido con las ventas del mes de mayo del año 2000.**

Dicho lo anterior, es evidente que el asunto sobre el despido del señor Maldonado Ramos tampoco fue objeto de revisión en el caso A-12-3460 como lo dispuso la PRTC por lo que no aplica la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia. Recordemos que la doctrina de impedimento colateral por sentencia únicamente impide que se litigue en un pleito posterior un **hecho esencial que fue adjudicado** mediante sentencia final en un litigio anterior. En el presente caso, el asunto de despido no ha sido atendido ni por el NCA ni por los foros judiciales. Por las razones antes mencionadas, **no** se cometieron los señalamientos de error que formuló la PRTC. Así pues, concurrimos con la determinación del TPI de que la querella del presente caso relacionada al despido del señor Maldonado Ramos es arbitrable sustantivamente.

### IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones